Thane Charman
2270 Boundary St
San Diego, CA 92104
Telephone: 800-673-4384
Email: OBEY.TCPA@GMAIL.COM

Plaintiff, Pro Se

**FILED**

Feb 29 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ SusanNyamanjiva   DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individual<br><br>Plaintiff,<br><br>v.<br><br>THE HARDSHIP DEPARTMENT LLC., a WYOMING LLC and STEPHEN NORRIS an INDIVIDUAL<br><br>Defendant, | Civil Case No.: **'24CV0400 CAB MSB**<br><br>1. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. NEGLIGENT VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)]<br>3. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>5. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ]47 C.F.R. § 64.1200(d)}<br>JURY TRIAL DEMANDED |

COMPLAINT                                         1

# PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1.      The Plaintiff is THANE CHARMAN ("Plaintiff") a natural person, resident of the Southern District of California, and was present in California for all prerecorded messages in this case in San Diego County, California.

2.      Defendant Hardship Department LLC. ("Hardshipdept") is a Limited liability company organized and existing under the laws of Wyoming with a principal address of 35718 Sundew Lane, Murrieta, CA 92562. Hardshipdept can be served via Registered Agents Inc at 30 N Gould St Ste R, Sheridan, WY, 82801, USA.

3.      Defendant Stephen Norris ("Norris") is a natural person, resident of California, principal officer of Hardship Department LLC, personally participated in the phone calls alleged herein can be served at 35718 Sundew Lane, Murrieta, CA 92562. Or 4736 Oakwood Pl, Riverside CA 92506.

## JURISDICTION AND VENUE

4.      **Jurisdiction.** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

5.      **Personal Jurisdiction.** This Court has general personal jurisdiction over

COMPLAINT                                                    2

Defendants because Defendant Hardship Department is headquartered in California and Defendant Norris is a California resident.

6.      **Venue**. is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the prerecorded messages for the sale of goods and services directed at California residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  Residing in the Southern District of California when he received a substantial if not every single prerecorded message from Defendant that are the subject matter of this lawsuit.

7.      Defendant is, and at all times mentioned herein was, a Wyoming LLC with a principal place of business in California, and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California and in the County of San Diego, and within this judicial district, sending unlawful prerecorded messages.

8.      This Court has venue over the Defendant because the prerecorded messages at issue were sent by or on behalf of the above-named Defendant to the Plaintiff, a California resident.

**THE TELEPHONE CONSUMER PROTECTION ACT**

**OF 1991, 47 U.S.C. § 227**

9.      In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress

COMPLAINT                                    3

found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

COMPLAINT                                    5

18.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20.     Under the TCPA, a prerecorded message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (Internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on

COMPLAINT                                      6

behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

22.    Text messages are "calls" within the context of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F .3d 949 (9th Cir. 2009).

## FACTUAL ALLEGATIONS

23.    At all times material hereto Plaintiff's number 619-3X0-X1X9 was successfully registered on the Do-Not-Call Registry.

24.    Plaintiff's number 619-3X0-X1X0 was personally registered on the Do-Not-Call Registry in May 2018.

25.    Plaintiff did not consent to any of the phone calls alleged herein.

26.    Each and every phone call at issue in this Complaint is a solicitation phone call marketing debt relief.

27.    Plaintiff received at least nine (9) unauthorized prerecorded messages to his personal cell phone 619 3X0-X1X9 from Defendant soliciting their goods and services starting on May 30, 2023.

### TABLE A

| Number: | Date | Caller ID | Message |
|---|---|---|---|
| 1 | 5/30/2023 | 9093044856 | Joyce morgan from hardship dept. |
| 2 | 6/9/2023 | 8302022097 | Joyce morgan from hardship dept. |
| 3 | 6/21/2023 | 9566699785 | Joyce morgan from hardship dept. |

COMPLAINT                                   7

| 4 | 7/5/2023 | 8327538451 | Joyce morgan from hardship dept. |
| 5 | 7/10/2023 | 9402862144 | Joyce morgan from hardship dept. |
| 6 | 7/17/2023 | 9513665163 | Joyce morgan from hardship dept. |
| 7 | 9/29/2023 | 6615127540 | This is public announcement from Jessica regional loan center |
| 8 | 10/6/2023 | 8023371556 | This is public announcement from Jessica regional loan center |
| 9 | 10/10/2023 | 6505414543 | This is public announcement from Jessica regional loan center |

28.    The prerecorded messages from the incoming numbers 9093044856, 8302022097, 9566699785, 8327538451, 9402862144, and 9513665163 give instructions to call back to the number 949-287-7703.

29.    The prerecorded messages from the incoming numbers 6615127540, 8023371556, 6505414543 give instructions to call back to the number 888-498-0160.

30.    A Google search on the prerecorded messages call back numbers 888-498-0160 and 949-287-7703 direct you to the same webpage https://www.tiktok.com/@hardshipdepartment.

31.    The phone number to call in the prerecorded message 888-498-0160 appears on the webpage.

32.    On the webpage https://www.tiktok.com/@hardshipdepartment there are imbedded videos.

33.    The imbedded video titled "Financial Hardship Agents Waiting Your Call" displays the phone number to call as 949-287-7703.

34.    949-287-7703 is the number to call back on in the prerecorded messages.

35.    The Video titled "This could be the best choice you have ever made" displays the

COMPLAINT                                        8

website "thehardshipcenter.com".

36.     The website thehardshipcenter.com privacy policy and the text message terms and conditions shows the hardship department LLC as owners of the website.

37.     Defendant did not have any prior existing business relationship with Plaintiff. Plaintiff has never been a customer or client of Defendant.

38.     Plaintiff did not give Defendant his prior express written consent to receive the prerecorded messages.

39.     The prerecorded messages Plaintiff received from Defendant were generated and sent using an ATDS.

40.     For the purposes of demonstrating the solicitation nature of the prerecorded messages, Plaintiff lists the content of some of the prerecorded messages in paragraphs 41-45.

41.     Plaintiff on May 30, 2023, received a prerecorded message from the number 909-304-4856 the messages state "This is Joyce Morgan from the hardship department 949-287-7703.  I have some exciting news for those who have experienced a recent loan application denial. You may now qualify for the new 2023 financial hardship program. This unique program allows you to eliminate debt that is weighing down your credit and causing you to be declined.  Please note this is not a loan.  It's actually better than a loan. It's a deposit-based program with zero interest and you can qualify for up to $55,000.00 dollars and maybe more in principle balance reduction and improve your credit profile.

COMPLAINT                                      9

Don't miss out on this amazing opportunity as the program is coming to an end this Friday. To find out more please give me a call back at 949-287-7703. Again that's 949-287-7703. I look forward to helping you take advantage of this life-changing offer. Thank you so much and have a blessed day."

42.     Plaintiff on June 21, 2023, received a prerecorded message from the number 956-669-9785 the prerecorded message is identical to the one received on May 30, 2023.

43.     Plaintiff on July 10, 2023, received a prerecorded message from the number 940-286-2144 the prerecorded message is identical to the one received on May 30, 2023.

44.     Plaintiff on July 17, 2023, received a prerecorded message from the number 951-366-5163 the prerecorded message is identical to the one received on May 30, 2023.

45.     Plaintiff on September 29, 2023, received a prerecorded message from the number 661-512-7540 the prerecorded message states. "This is a public announcement from the regional loan center 888 498 0160 we are offering a specialized inflation adjustment loan. Of up to 25,000 dollars and possibly more. This loan is designed to meet a variety of your financial needs. Whether consolidation, existing debt, or expected bills we are credit flexible and provide same-day approval to qualified applicants. I can promptly update your application status to pending to secure this opportunity for you. If you are able to return my call today any member of our experienced team can assist you. We can hold this offer for you if you call me back today and anyone in the office can assist you at 888 498 0160 again 888 498 0160 I look forward to your timely response. Have a blessed

day".

46.     Plaintiff on October 6, 2023, received a prerecorded message from the number 802-337-1556. The prerecorded message is identical to the one received on September 29, 2023.

47.     Plaintiff on October 10, 2023, received a prerecorded message from the number 650-541-4543 the prerecorded message is identical to the one received on September 29, 2023.

48.     Each and every prerecorded message received by Plaintiff contained a number to call that is owned by Defendants.

49.     The prerecorded messages Plaintiff received from Defendant do not reveal the identity of Defendant.

50.     The marketing messages are impersonal in nature.

51.     No emergency necessitated any of the alleged illegal prerecorded messages.

52.     The prerecorded messages Plaintiff received from Defendant were placed while knowingly ignoring the national do-not-call registry.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

53.     Defendant's prerecorded messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

54.     Defendant's prerecorded messages harmed Plaintiff by trespassing upon and

interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

55.     Defendant's prerecorded messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

56.     Plaintiff has been harmed, injured, and damaged by the prerecorded messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## PERSONAL LIABILITY OF DEFENDANT NORRIS

57.     Defendant Norris is the principal officer of Defendant Hardshipdept.

58.     Defendant Norris closely holds Defendant Hardshipdept is intimately involved in all decision-making and legal activities of Defendant Hardshipdept.

59.     Defendant Norris has direct and personal involvement in and ultimate control over every aspect of defendant Hardshipdept wrongful conduct that violated the TCPA, and /or directly controlled and authorized this conduct.

60.     Defendant Norris at all times relevant to this Complaint acting alone or in concert with others, formulated, directed, and controlled the actions of the telemarketers.  Norris personally participated in the acts and practices set forth in this Complaint.

61.     Defendant Norris is the manager and owner of Defendant Hardshipdept and controls the day-to-day operations of Hardshipdept and directs his employees, agents, salespersons, and solicitors to make TCPA-violations phone calls

62.     Defendant Norris is not merely a bystander. He is the mastermind who schemed,

COMPLAINT                                    12

1    planned, directed, initiated, and controlled illegal and fraudulent behavior.

2    63.    Defendant Norris is well aware their conduct violated the TCPA and refused to

3

4    alter their behavior. Defendant Norris is the sole director and officer of Defendant

5    Hardshipdept and the only person with the power to make unlawful, fraudulent, and

6    unethical behavior stop

7

8                    **Plaintiff's cell phone is a residential number**

9    64.    The prerecorded messages were to Plaintiff's cellular phone ending 619 3X0-

10   X1X0 which is Plaintiff's personal cell phone that he uses for personal, family, and

11
     household use. Plaintiff also uses his cell phone for navigation purposes, sending and
12

13   receiving emails, timing food when cooking, and sending and receiving prerecorded

14   messages. Plaintiff further has his cell phone registered in his personal name, and pays

15
     the cell phone from his personal accounts.
16

17                                    **COUNT ONE:**
     **Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Prerecorded Voice**
18                **Telemarketing without Prior Express Written Consent**

19

20   65.    Plaintiff incorporates the foregoing paragraphs 1-64 as if fully set forth herein.

21   66.    Defendant and/or their agents placed prerecorded messages to Plaintiff's cellular
22

23   telephone.

24   67.    Plaintiff never consented to prerecorded messages from Defendant.  Plaintiff has

25   had no relationship with Defendant.
26

27

28

     COMPLAINT                          13

68.     Defendants' prerecorded messages were made for purposes of advertising and marketing their goods and services.  These prerecorded messages constituted commercial advertising and telemarketing as contemplated by the TCPA.

69.     As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful prerecorded messages campaigns.

70.     Not only did Defendant make these violating prerecorded messages, but Defendant and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

71.     If the Court finds that Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT TWO:

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

72.     Plaintiff incorporates the foregoing paragraphs 1-64 as if fully set forth herein.

73.     The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations

COMPLAINT                                   14

to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

74.     Plaintiff was statutorily damaged at least nine (9) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the automated prerecorded messages described above, in the amount of $500 per automated prerecorded message.

75.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

76.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the Defendants jointly and severally as follows:

A.     Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.     A declaration that actions complained of herein by Defendant violates the TCPA and California state law;

C.     An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

COMPLAINT                                          15

D.      An award of $1500 per automated prerecorded message in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for nine (9) prerecorded voice messages.

E.      An award of $1500 per prerecorded voice message in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for nine (9) prerecorded voice messages.

F.      An award to Mr. Charman of damages, as allowed by law under the TCPA;

G.      An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

H.      Such further relief as the Court deems necessary, just, and proper.

JURY TRIAL DEMANDED

Dated: February 29, 2024          Respectfully submitted,


By:  /s/ *Thane Charman*


**THANE CHARMAN**
*Plaintiff, Pro Se*

COMPLAINT                                    16